IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WILLIAM GREGORY, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 19-1544 |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos.12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Bryce Baird, held a video hearing on June 21, 2018. (ECF No. 10-2, pp. 51-80). Plaintiff was represented by counsel at hearing. *Id.* On December 7, 2018, the ALJ found Plaintiff was not disabled under the Act. (ECF No. 10-2, pp. 28-40).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

2

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity (RFC)[1] and Duty to Develop

Plaintiff argues that remand is warranted because the RFC was not based on substantial evidence and that the ALJ failed to properly explain the RFC.  (ECF No. 13, pp. 13-20).  Specifically, Plaintiff asserts that there was no medical opinion evidence of record and that the ALJ improperly relied on his own lay "interpretation of raw medical data" in formulating the RFC.  *Id.*  Additionally, Plaintiff argues that the ALJ failed to engage in any explanation of the RFC.  *Id.*  As such, Plaintiff submits that remand is necessary.  *Id.*  After careful review, I disagree.

In this case, there is no mental opinion evidence of record assessing Plaintiff's functional

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor.  20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).  Here, the ALJ found the Plaintiff has an RFC to perform a full range of work at all exertional level but with non-exertional limitations.  (ECF No. 10-2, p. 32).

3

abilities.  To that end, Plaintiff suggests that the ALJ erred in failing to sufficiently develop the record.  (ECF No. 13, pp. 13-19).   The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is.   20 C.F.R. §§404.1512, 416.912.  This burden does not shift to the ALJ.   Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability.   *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995).   This duty is heightened when a plaintiff is *pro se.*   *Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979).   Plaintiff in this case, however, was not *pro se*.  At all relevant times, Plaintiff was represented by counsel.   (ECF No. 10-2, p. 57).

Despite being represented by counsel and counsel's efforts to have Plaintiff complete the relevant forms, Plaintiff did not return the proper forms to the state disability determination and no consultative examination took place during that time.  *Id.*   At the hearing, the ALJ informed Plaintiff that the consultation examination was part of the process and asked Plaintiff to attend a psychiatric consultative examination.   (ECF No. 10-2, pp. 57, 79).   The ALJ held the record open for that to occur.  *Id.*   Attempts to schedule the consultative examination with Plaintiff (along with the help of counsel) were unsuccessful as contact with Plaintiff was lost.   (ECF No. 10-2, p. 28). As a result, the consultation examination was not performed.   (ECF No. 10-2, p. 28).   Without citation to authority, Plaintiff posits that the ALJ then should have recontacted one of his treating providers for an opinion.   I disagree.

The ALJ cannot be expected to hold the record open indefinitely for Plaintiff to be found and attend a consultative examination,[2] nor was he obligated to contact his treating physicians

---

[2] The hearing was held on June 21, 2018 and the opinion was not rendered until almost six months later on December 7, 2018.   (ECF No. 10-2, pp. 28-40).

4

for an opinion.[3]  Furthermore, there should be no reason for holding a record open indefinitely, as the regulations make clear that it is the Plaintiff's burden to prove that he/she is disabled.  20 C.F.R. §416.912.   Additionally, an ALJ may find a claimant is not disabled if a claimant does not "take part in a consultative examination or test which" the ALJ arranges for the claimant.  20 C.F.R. §§404.1518, 416.918.   After a review of the record, I find that the ALJ made sufficient and appropriate attempts to fully develop the record.   Consequently, I find no error in this regard.

Next, Plaintiff argues that the ALJ was required to adequately explain how the evidence in the record supported the limitations set forth in the RFC.  (ECF No. 13, pp. 17-19).   To that end, Plaintiff submits that the "ALJ failed to point to any medical evidence that supported the limitations included in the RFC, he failed to fully credit Plaintiff's subjective complaints in his testimony, and he failed to discuss why he assessed Plaintiff with the RFC that he did."  (ECF No. 13, p. 18).   I find Plaintiff's argument in this regard unpersuasive.

Here, there were multiple specific limitations non-exertional contained in the RFC.  (ECF No. 10-2, p. 32).

> The claimant can perform work limited to simple, routine tasks that can be learned after a short demonstration or within 30 days.  He can perform work allowing the person to be off task 5% of the workday, in addition to regularly scheduled breaks.  The claimant can perform work that does not require more than simple work-related decisions and work that does not require travel to unfamiliar places.  The claimant can have occasional interaction with coworkers, and no more than

---

[3] An ALJ will resolve incomplete or inconsistent evidence, including any medical opinions, by weighing the relevant evidence to see whether he/she can determine whether the claimant is disabled based on that evidence.  20 C.F.R. §§404.1520b; 416.920b.  Evidence is insufficient when it does not contain all the information needed to make a determination.  *Id.*  To that end, an ALJ may consider recontacting a medical source, where the evidence is consistent but there is insufficient evidence to determine whether a claimant is disabled or after weighing the evidence the ALJ cannot reach a conclusion about whether a claimant is disabled.  20 C.F.R. §§404.1520b; 416.920b.  The ALJ, however, is not obligated to do so.  *Id.*  Here, the ALJ was required to weigh all of the evidence of record as is.  This is exactly what the ALJ did and he was able to arrive at a determination regarding Plaintiff's disability.  *See,* ECF No. 10-2, pp. 28-40.  Therefore, the ALJ did not err by not recontacting Plaintiff's treating sources.

superficial interaction with the public.   He can perform work that does not require teamwork, such as on a production line; work requires doing the same tasks every day with little variation in location, hours, or tasks; work that is subject to no more than occasional supervision.

(ECF No. 10-2, p. 32).   In support of the same, the ALJ detailed the medial records of Plaintiff, as well as Plaintiff's claims and testimony.  (ECF No. 10-2, pp. 32-38).   I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant."   *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986).   This, however, it is not a requirement.   *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015).   Rather, an ALJ is charged with formulating the RFC based on ***all*** of the relevant evidence, medical evidence or otherwise. 20 C.F.R. § 416.945(a).

Given the circumstances of this case, that is exactly what the ALJ did.   Specifically, the ALJ considered Plaintiff's testimony, and while the ALJ did not find Plaintiff's statements were entirely consistent with the evidence of record, he did credit some of it.   *Id.* Contrary to Plaintiff's inferences otherwise, I find the ALJ gave Plaintiff the benefit of the doubt and added additional limitations based on the other evidence of record.   (ECF No. 10-2, pp. 28-40).   Moreover, the ALJ comprehensively set forth Plaintiff's medical source records particularly noting that Plaintiff's mental status examinations were consistently unremarkable when Plaintiff was on his medication.   *Id.* at pp. 32-38.   After a review of the record as a whole, I find the ALJ's RFC is supported by substantial evidence and is adequately explained such that I am able to make a meaningful review.   *See,* ECF No. 10-2, pp. 28-40.   Therefore, I find that remand is not warranted.

An appropriate order shall follow.

6

Case 2:19-cv-01544-DWA   Document 16   Filed 05/17/21   Page 7 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WILLIAM GREGORY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.   19-1544 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 17th day of May, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge